UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-286-FDW

| | | |
|---|---|---|
| BRANDON LEE GIFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| RICKY COLTON BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). <u>See</u> 28 U.S.C. §§ 1915(e)(2); 1915A. Also before the Court are Plaintiff's Motion to Appoint Counsel, (Doc. No. 10), and Plaintiff's Letter/Motion for Temporary Restraining Order, (Doc. No. 14). On December 10, 2014, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

I.    BACKGROUND

Pro se Plaintiff Brandon Lee Gifford, a North Carolina state inmate currently incarcerated at Craggy Correctional Center in Asheville, North Carolina, filed this action on October 30, 2014, pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Plaintiff names as Defendants Ricky Colton Brown, identified as a Correctional Officer at the Henderson County Detention Center; Charles McDonald, identified as the Henderson County Sheriff; and the "Henderson County

---

[1] Although the docket report lists Craggy Correctional as Plaintiff's current address, the North Carolina Department of Public Safety website indicates that Plaintiff was released from state custody on June 1, 2015.

1

Jail." (Doc. No. 1 at 3). Plaintiff's claim arises out of an incident that allegedly occurred on

October 21, 2014, at the Henderson County Detention Center while Plaintiff was incarcerated as

a pre-trial detainee. Plaintiff purports to bring a claim for cruel and unusual punishment under

the Eighth Amendment based on the following factual allegations:

> On 10-21-14, correctional officer Ricky Colton Brown came over my intercom in my room and threatened to beat my physically. He kept on antagonizing me even though I was being totally submissive. Now I fear for my safety physically and I fear my liberty is in danger as I was threatened with more criminal charges if I'm not quiet about this whole thing.
>
> Also upon arrival at the jail originally, I was placed in the special housing unit where I only get out for one hour per day. I have done nothing wrong to be placed in a unit with [sic] and given limited privileges as if I had committed some infraction, which I have not. I believe I should be allowed the same privileges as the rest of the inmates who have not committed any infraction of the rules.
>
> This county holds anyone with a charge of a violent crime in the special housing unit violating our right to be considered innocent until proven guilty.
>
> Also they do not recognize our right to a speedy trial per the U.S. Constitution. When a speedy trial is requested, the response is "we don't do that here."
>
> Inmates with violent charges may (and do) sit in the special housing unit waiting up to three years for the county to hold a trial. These inmates are kept in jail for years without any bond and without any court date.

(Doc. No. 1 at 3-4). Plaintiff states that he seeks the following as relief:

> I want the Court to grant me a monetary concession of $1,000,000 to order this county to cease these illegal practices (if the court feels they are illegal), and I want this higher court to order the charges against me dismissed.
>
> I also request all safeties and protections under the Whistle Blowers Act and I would request this Court to grant an order that I be held in a county jail separate from this one for the duration of these proceedings.

(Id. at 4).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore,

§ 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.[2] Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the

---

[2] Because Plaintiff was a pre-trial detainee when the alleged unconstitutional conduct occurred, his claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

challenged conditions." <u>Strickler v. Waters</u>, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, Plaintiff has not alleged sufficient facts to proceed past initial review. The Court first finds that Defendant Charles McDonald is subject to dismissal because he cannot be held liable in a Section 1983 action based solely on his position as the Henderson County Sheriff, and Plaintiff has alleged no personal participation by Defendant McDonald. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978) (holding that respondeat superior is not applicable in Section 1983 actions). Furthermore, to the extent that Plaintiff has named the "Henderson County Jail" as a Defendant, the jail is not a legal entity capable of being sued.

Next, as to Defendant Brown, Plaintiff alleges, at most, verbal abuse by Defendant Brown. Verbal abuse of an inmate by guards, without more, does not constitute a violation of the Eighth Amendment. <u>Moody v. Grove</u>, 885 F.2d 865 (4th Cir. 1989) (unpublished) (noting that "verbal abuse alone does not violate a constitutional right"). It is true that the Fourth Circuit has indicated that a threat of harm combined with action designed to carry out the threat <u>may</u> state an Eighth Amendment claim. <u>Hudspeth v. Figgins</u>, 584 F.2d 1345, 1348 (4th Cir. 1978) (where the guards threatened an inmate that if he continued with his lawsuit they would kill him and make it look like an accident). However, as demonstrated by the grievance Plaintiff filed based on the incident in this action, Defendant Brown's "threat" to harm Plaintiff consisted of a single statement by Defendant Brown to Plaintiff that "you will have your chance when the doors pop at free time." <u>See</u> (Doc. No. 16 at 1). According to Plaintiff's own grievance, Defendant Brown meant that Plaintiff would have a chance to fight Brown when the cell doors were opened. The grievance response indicates that Brown explained to investigators that his statement to Plaintiff was in response to Plaintiff's <u>own</u> threat to Brown that "[w]hen I get out of this cell, I am going to beat your ass." (<u>Id.</u>). Here, the alleged statement by Defendant Brown

that "you will have your chance when the doors pop at free time" simply does not rise to the level of an Eighth Amendment violation.

The Court further finds that Plaintiff does not state an Eighth Amendment claim by merely alleging that he was not allowed certain privileges while at the Henderson County Detention Center, such as leaving his cell for more than one hour each day. The Court also finds that, to the extent that Plaintiff is attempting to challenge any underlying state criminal charges that were pending against him when he filed this action, the Court would be inclined to abstain from interfering with the state court proceedings under the principles announced in Younger v. Harris, 401 U.S. 37, 43-44 (1971) (finding that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding). Finally, to the extent that Plaintiff seeks injunctive relief in this action, such claim is moot because he has been transferred away from the Henderson County Detention Center. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim and this action will therefore be dismissed.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2.  Plaintiff's Motion to Appoint Counsel, (Doc. No. 10), and Plaintiff's Letter/Motion for Temporary Restraining Order, (Doc. No. 14), are **DENIED** as moot.

3. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge